IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| APOLLO STRONG, AMBER HART, ASHLEY STUART, and CHARLES STUART, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:18-cv-634 |
| MARATHON RESOURCE MANAGEMENT GROUP, LLC d/b/a MARATHON RMG, LLC, JAMES STEWART, TRIPP BRIGHTWELL, CHARLES FELDMAN INVESTMENT GROUP, LLC d/b/a AUSTIN DESIGN & BUILT SOLUTIONS, and DANIEL WADE SHEBESTA a/k/a DANIEL WADE, | § § § § § § § § § § | |
| Defendants | § § | |

## DEFENDANT MARATHON RESOURCE MANAGEMENT GROUP, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant Marathon Resource Management Group, LLC, d/b/a Marathon RMG, LLC, (hereinafter "Marathon") by counsel, hereby moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts II, II and IV of Plaintiffs' Original Complaint against Defendant Marathon with prejudice.

### INTRODUCTION

Plaintiffs' Original Complaint alleges the following causes of action against Marathon: (1) Failure to pay wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*. (2) Breach of Contract, (3) Quantum Meruit, and (4) Promissory Estoppel. Defendant Marathon moves to dismiss counts II, III and IV against Marathon on the grounds that the common law

1

claims are preempted by the FLSA, which is the exclusive remedy for the recovery of wages. Plaintiffs fail to state facts sufficient to impose liability under any of the non-FLSA causes of action. Additionally, Plaintiff's breach of contract claim fails as a matter of law because no valid contract is alleged. A preexisting legal duty – in this case payment of wages – cannot serve as consideration and thus the purported contract is unenforceable. Finally, Plaintiffs' equitable causes of action are prohibited because they allege that valid, enforceable contracts are at issue. As such, Plaintiffs' Counts II, III and IV against Marathon fail to state a claim upon which relief can be granted and should be dismissed with prejudice.

**FACTUAL SUMMARY**

Plaintiffs allege that they were hired by Marathon on or around July 2017, through other named Defendants alleged to be agents for Marathon, for cleaning and touch-up painting services on student apartments in Texas and Florida. *Compl.,* ¶¶ 25, 29. According to the Complaint, in early 2017, Plaintiffs were allegedly contacted by Defendant Wade of Defendant Charles Feldman Investment Group, LLC, and offered employment with Defendant Marathon – a separate company. *Id.*, ¶¶ 5, 14, 19, 25. Plaintiff does not allege that Wade was an employee of Marathon, however alleges that all five defendants - Marathon, individual Defendants James Stewart and Tripp Brightwell, Austin Design & Build Solutions, and Daniel Wade – were Plaintiffs' employer. *Id.* ¶¶ 9, 11, 13, 18, 20.

Defendant Wade allegedly asked Plaintiff Strong to find work to work on a job for cleaning and touch-up painting services on student apartments in Texas and Florida beginning in July 2017, for $200 per day. *Compl.*, ¶¶ 25-27. Apollo and Wade recruited workers, including Plaintiffs Amber Hart, Ashley Stuart and Charles Stuart. *Id.*, ¶ 28. Plaintiffs allege that they were to be paid $200.00 per day, plus all expenditures including travel and lodging. *Id.*, ¶ 30. Plaintiffs allege

they completed work in Texas and Florida "for Defendants." *See, e.g* , *Id*., ¶ 35, 36.  Defendant Wade provided $300 to Plaintiffs for supplies, however, Plaintiffs seek recovery from Marathon of wages and expenses allegedly not received for work performed.  *Id*., ¶ 41, 61.

## LEGAL ARGUMENT

**A.     The Applicable Legal Standard.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In order to survive a 12(b)(6) motion to dismiss, a plaintiff's pleadings must allege "enough to raise a right to relief above the speculative level" with facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  The plaintiff need not provide detailed factual allegations, but the plaintiff must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The Court must accept as true all well-pled facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  The Court's evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B.      Plaintiffs' Common Law Claims Against Marathon Should Be Dismissed Because The FLSA Provides The Exclusive Remedy For Violation Of Its Mandates.**

Plaintiffs' breach of contract, quantum meruit, and unjust enrichment claims fail to state a claim and should be dismissed. These common law claims are based exclusively on Marathon's alleged failure to pay Plaintiffs wages and expenses related to their work. Plaintiff does not make any independent factual allegations in support of these claims but, rather, these claims are based on the same facts and circumstances of Plaintiffs' FLSA claim. Consequently, these claims are preempted by the FLSA.

The FLSA provides the exclusive remedy for violation of its mandates and pre-empts Plaintiff's FLSA-based state law claims. *Guerrero v. JPMorgan Chase & Co.,* 2010 WL 457144 (E.D. Tex. 2010). "State law claims are preempted by the FLSA to the extent the plaintiff seeks damages for unpaid minimum wages or unpaid overtime compensation." *Coberly v. Christus Health*, 829 F. Supp. 2d 521, 525 (N.D. Tex. 2011); see also *Estraca v. Rockwater Energy Sols., Inc.*, 5:16-CV-310-DAE, 2016 WL 3748612, at *2-*3 (W.D. Tex. July 7, 2016) (finding a quantum meruit and breach of contract claim which merely "seeks payment for employment services rendered" are preempted by the FLSA. (quoting *Lilani*, 2011 WL 13667 at *12)); *Botello v. COI Telecom, LLC*, 2010 WL 3784202, at *3-4 (W.D. Tex. Sept. 21, 2010) ("a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA).[1]

---

[1]      Most district courts have held that a plaintiff's common law claims are preempted by FLSA where the common law claims are duplicative of or based on the same facts as the plaintiff's FLSA claim. See, e.g., *Farmer v. DirectSat USA, LLC*, 2010 WL 3927640, at *14–16 (N.D .Ill. Oct.4, 2010) (granting summary judgment as to Plaintiffs' state common law unjust enrichment, quantum meruit, and contractual breach claims that were preempted by FLSA); *Choimbol v. Fairfield Resorts, Inc.*, 2006 WL 2631791, at *6 (E.D. Va. Sept.11, 2006) (dismissing common law claims as preempted where they stemmed directly from minimum wage and overtime claims under FLSA); *Chen v. Street Beat Sportswear, Inc.*, 364 F.Supp.2d 269, 293 (E.D.N.Y. 2005) (holding negligence claims were preempted as duplicative of FLSA claims); *Johnston v. Davis Sec., Inc.*, 217 F.Supp.2d 1224, 1228 (D. Utah 2002) (dismissing state common law claims as preempted by FLSA where state claims were based on the same facts and circumstances as FLSA claims); *Alexander v. Vesta Ins. Grp., Inc.*, 147 F.Supp.2d 1223, 1240–41 (N.D. Ala.2001) (granting partial summary judgment where Plaintiffs attempted to recast FLSA overtime claims as fraud claims).

Here, Plaintiff's FLSA claim is based on Defendants' alleged nonpayment of accrued compensatory time. *Compl.* at ¶¶ 57-62. Plaintiff's common law claims asserting breach of contract (Count Two), quantum meruit (Count Three) and promissory estoppel (Count Four), are all based upon the same facts—Defendants' alleged nonpayment. Accordingly, all of the common law claims are preempted and therefore must be dismissed with prejudice.

**C.	Plaintiffs' Alleged Contract Fails For Lack of Consideration**

Plaintiffs' breach of contract claim in Count II is defective because an alleged failure to perform a preexisting legal duty cannot serve as consideration for a valid contract. It is well established that an agreement to perform a preexisting legal duty cannot serve as consideration for a contract. *See, e.g., Lone Star Steel Co. v. Scott,* 759 S.W.2d 144, 153 (Tex.App.–Texarkana 1988) (noting that a promise to fulfill a pre-existing duty cannot serve as consideration in a contract). If Marathon is determined to be the employer, as Plaintiffs' allege, it has an obligation to pay Plaintiffs' wages.

Consideration is necessary to have a valid enforceable contract and the absence of consideration renders the purported contract unenforceable. *Marx v. FDP, LP,* 474 S.W.3d 368, 378 (Tex.App.–San Antonio 2015, pet. denied.). No valid consideration for an enforceable contract is alleged here. Accordingly, Plaintiffs' breach of contract claim (Count II) should be dismissed with prejudice.

**D.	Count III (Quantum Meruit) and Count IV (Promissory Estoppel) Should Be Dismissed Against Marathon Because They Are Prohibited Equitable Remedies.**

Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Recovery under the theory of quantum meruit is prohibited if an express contract covers the services or materials for which the claimant seeks recovery. *Truly v. Austin*, 744 S.W.2d 934,

936 (Tex. 1988); *see also In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) ("A party generally cannot recover under quantum meruit when there is a valid contract covering the services or materials furnished."). Likewise, the theory of promissory estoppel is not applicable when a valid, enforceable contract exists. *Prince v. Miller Brewing Co.*, 434 S.W.2d 232, 240 (Tex. Civ. App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.) (quoting *Wheeler v. White*, 398 S.W.2d 93, 97 (Tex. 1965)). "In the absence of a rescission of the contract a cause of action grounded on the principles of restitution is not available." *Id.* Plaintiffs have alleged that valid, enforceable contracts exist and consequently are precluded from recovering on the equitable theories of quantum meruit and promissory estoppel.[2] With respect to these equitable theories, amendment to the Complaint would be futile. For these reasons, the Court should dismiss Count Three and Count Four against Marathon with prejudice.

---

[2] Importantly, the question is whether a "valid, enforceable contract exists" that covers the services for which Plaintiffs seek recovery, not whether a claim for breach of contract exists. Plaintiffs' allegations are that there is a valid, enforceable contract that they seek recovery under. Therefore, even if the Court dismisses Plaintiffs' breach of contract claim against the individual Defendants, it is not required to allow Counts III and IV to stand. "Plaintiff cannot disregard the contract and sue for his reliance damage." *Prince*, 434 S.W.2d at 240.

6

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss and enter an order dismissing Counts II, III and IV of Plaintiffs' Original Complaint against Defendant Marathon with prejudice.

Respectfully submitted,


By: /s/ Wilson Stoker
M. Wilson Stoker
State Bar No. 24076806
COKINOS | YOUNG
Las Cimas IV
900 S. Capital of Texas Highway, Suite 425
Austin, Texas 78746
(512) 476-1080 (Office)
(512) 610-1184 (Fax)
wstoker@cokinoslaw.com

**ATTORNEY FOR DEFENDANT MARATHON RESOURCE MANAGEMENT GROUP, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing system on this 29th day of August, 2018, to the Court and to counsel below.

Nathaniel C. Norton, Esq.
TEXAS RIOGRANDE LEGAL AID
Texas Bar No. 24037196
1111 N. Main Ave.
San Antonio, TX 78212
nnorton@trla.org

Lakshmi Ramakrishnan, Esq.
301 S. Texas Ave.
Mercedes, Texas 78570
lramakrishnan@trla.org

                                             /s/ M. Wilson Stoker
                                             M. Wilson Stoker
                                             COKINOS │ YOUNG
                                             State Bar No. 24076806
                                             900 S. Capital of Texas Highway, Suite 425
                                             Austin, TX   78746
                                             Tel. (512) 476-1080
                                             Fax: (512) 610-1184
                                             wstoker@cokinoslaw.com