**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **APOLLO STRONG, et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:18-cv-634-RP** |
| | § | |
| **MARATHON RESOURCE MANAGEMENT** | § | |
| **GROUP, LLC d/b/a MARATHON RMG, LLC,** | § | |
| **et al.** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT**

TO THE HONORABLE COURT:

Pursuant to Federal Rules of Procedure 15 and 16(b), Plaintiffs Apollo Strong, Amber Hart, Ashley Stuart, and Charles Stuart file this Motion for Leave to File First Amended Complaint, a copy of which is attached as Exhibit A and incorporated herein by reference.

Plaintiffs are four individuals who Defendants employed to do student housing "turns" (touch up painting and cleaning) in the summer of 2017 for Defendant Marathon's customers. Defendants promised Plaintiffs $200.00 per day each plus reimbursement for gas, food, and lodging. Plaintiffs worked for Defendants for 10 days and were paid nothing.

On the basis of newly discovered facts that are thoroughly intertwined with the issues and transactions that are already before the Court, Plaintiffs seek to amend their complaint to include a claim for fraud, and in the alternative, a claim for negligent misrepresentation.

Defendant Marathon served amended responses to requests for production on August 8, 2019. These responses indicated that they had no documents reflecting payments by Marathon for

*Pls.' Mot. For Leave to File First Amended Complaint*

work done by Plaintiffs. At the August 12, 2019 hearing on the motion to compel, Defendants' counsel confirmed that Marathon did not pay anyone for Plaintiffs' work. Plaintiffs' counsel also recently learned from media reports and conversations with former Marathon employees and vendors that hundreds of other individuals and entities claim that they were promised pay for work for Marathon, performed work for Marathon, and were not paid for their work.

## I.      Background

Plaintiffs filed their Original Complaint on July 27, 2018 (Dkt. 1), bringing claims for violations of the Fair Labor Standards Act, breach of contract, quantum meruit, and promissory estoppel.

Defendants filed a Motion to Dismiss on September 17, 2018 (Dkt. 15). The motion was denied by an Order entered March 25, 2019 (Dkt. 28). Defendants did not file their answer until May 6, 2019 (Dkt. 35). Plaintiffs served discovery requests on Marathon on January 10, 2019 and on James Stewart and Tripp Brightwell on April 3, 2019, however Defendants did not provide their initial responses until April 30, 2019 and May 3, 2019, respectively. Plaintiffs did not receive the majority of the total documents produced to date by Defendants until August 8 and 9, 2019. On August 13, 2019, Magistrate Lane ordered (Dkt. 44) Defendants to produce additional responsive documents by August 30, 2019 and Plaintiffs have not yet received them.

Plaintiffs subpoenaed[1] documents from the companies that Defendants provided turn services for. One of the companies is still preparing its response. The other company, Asset

---

[1] Asset Campus USA, LLC and Asset Campus Housing, Inc. were the companies that managed two of the apartment complexes where Plaintiffs worked, in San Marcos and Gainesville. They were served with subpoenas on June 4, 2019 and provided a partial response on August 9, 2019. Premier Property Management, LLC appears to have managed the apartment complex in Tallahassee where Plaintiffs worked. It was served with a subpoena on June 7, 2019 and is, according to its counsel, currently preparing its response. Plaintiffs served subpoenas shortly after Defendants served their responses to discovery which failed to provide the information.

*Pls.' Mot. For Leave to File First Amended Complaint*

Campus Housing, has provided a partial response and is working on providing additional documents. The documents produced by Asset Campus Housing on August 9, 2019 included documents showing that Asset Campus Housing had paid Defendant Marathon for the work done by Plaintiffs.

In sum, Plaintiffs have learned within the past two weeks, facts that support a claim that Defendants committed fraud, or negligent misrepresentation in the alternative, and these facts were not reasonably available to Plaintiffs any earlier.

II.   **Plaintiffs have good cause to amend the pleadings to add a cause of action after the deadline set by the scheduling order.**

Because the deadline to amend pleadings passed on February 1, 2019, Rule 16(b) applies to this request and Plaintiffs must demonstrate that there is good cause to allow the amendment out of time. Fed.R.Civ.P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."); S&W Enters., LLC v. SouthTrust Bank of Ala., 315 F.3d 533, 536 (5th Cir. 2003).

Courts should consider four factors in determining whether good cause exists: (1) the movant's explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice. S&W Enters., LLC, 315 F.3d at 536; Ramirez v. Bexar County, Texas, 2011 WL1627381, at *1 (W.D.Tex. Apr. 28, 2011).

Plaintiffs have diligently sought information about whether Defendants paid anyone for their work and about whether Defendants were paid by their customers for the work Plaintiffs performed. Defendants' admissions that they did not pay anyone for the work performed by Plaintiffs for Marathon's benefit did not come until days before a hearing on Plaintiffs' motion to

*Pls.' Mot. For Leave to File First Amended Complaint*

compel. While Defendants have still not provided information about whether their customers paid them for the work done by Plaintiffs, Plaintiffs received documents on August 9, 2019 showing that Marathon was paid by at least one of their customers. Additionally, Plaintiffs' counsel learned on or about August 8, 2019 of a July 23, 2019 *Des Moines Register* newspaper article entitled *Virginia Firm Accused of Failing to Pay Workers in Iowa and Across the Country – and No Authorities Will Help* that reported "More than 220 people across the country have joined a Facebook group called 'Does Marathon Resource Management Group Owe you Money?'"[2] It further reported that at least several people's complaints related to 2017 and 2018 student housing turns where contractors allege that Marathon did not pay them at all for work they performed and for which Marathon was paid. Id.

　　None of this information was available to Plaintiffs before the deadline to amend pleadings either because it did not exist (the *Des Moines Register* article), because discovery had not been commenced due to the filing of Defendants' Motion to Dismiss and the delay in filing their answer, and because of their delays in responding to discovery and subsequent failure to provide complete and accurate responses to discovery.

　　These additional facts support a claim that Marathon, Stewart, and Brightwell fraudulently induced Plaintiffs to perform work for them and did not intend to pay Plaintiffs as they had promised. Therefore, Plaintiffs seek to amend their complaint to add a claim for fraud.

III.　**Plaintiffs could not have made the amendment prior to the date set in the date set in the scheduling order.**

---

[2] Lee Rood, Des Moines Register (July 23, 2019, 9:06 a.m.),
https://www.desmoinesregister.com/story/news/investigations/readers-watchdog/2019/07/23/workers-iowa-nationally-say-they-werent-paid-marathon-resource-management-group-and-no-one-helping/1768694001/.

*Pls.' Mot. For Leave to File First Amended Complaint*

Plaintiffs first learned that Marathon did not pay Defendant Wade, Defendant CFIG, Plaintiffs, or anyone else for the work performed by Plaintiffs on August 12, 2019. Plaintiffs first had evidence on August 9, 2019 that Marathon was paid for the work Plaintiffs performed. This was, obviously, months after the February 1, 2019 deadline in the scheduling order. For the reasons stated above, Plaintiffs could not have reasonably learned this information or obtained this evidence earlier. Through informal discovery, Plaintiffs' attorney read the *Des Moines Register* article on or about August 8th, that the scope of the Marathon's alleged misconduct and the extent of the similarities, led to Plaintiffs' conclusion that Marathon's failure to pay for Plaintiffs' work was part of a fraudulent business practice. These are appropriate reasons for the Court to grant leave. 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1488 (3d ed.) ("The policy of allowing amendments to be made at any time during the litigation is sound. It would be unreasonable to restrict a party's ability to amend to a particular stage of the action inasmuch as the need to amend may not appear until after discovery has been completed or testimony has been taken at trial.")

IV.   **Denying leave would prejudice Plaintiffs by denying them important relief and reward Defendants' failure to produce responsive documents, whereas granting leave would not prejudice Defendants.**

The fraud claim that Plaintiffs seek to add to their complaint arises out of the nucleus of operative facts and the same transactions that give rise to the FLSA, breach of contract, *quantum meruit*, and promissory estoppel claims that are in the Original Complaint. Additionally, the discovery period has not ended and the parties have not yet taken any depositions. Defendants have not done any discovery at all.

Denying leave to amend would prevent Plaintiffs from seeking in this proceeding relief to which they may be entitled for Defendants' failure to pay for Plaintiffs' 2017 work. Plaintiffs intend to seek punitive damages for the fraud claim or the negligent misrepresentation claim and this relief is not available to Plaintiffs without amendment.

If leave is denied, Plaintiffs would be forced to file a separate lawsuit to pursue the claim. Therefore, permitting Plaintiffs to amend their claims to include fraud and negligent representation claims in the current lawsuit promotes judicial economy.

V.    **Conclusion**

Wherefore, Plaintiffs respectfully request that this Court grant this motion and direct the Clerk to accept Plaintiffs' First Amended Complaint for filing.

Respectfully Submitted,

**TEXAS RIOGRANDE LEGAL AID**

*/s/ Nathaniel Norton*
Nathaniel Norton
nnorton@trla.org
Texas Bar No. 24037196
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Ave.
San Antonio, Texas 78212
Tel (210) 428-6608
Fax (210) 229-9328

Lakshmi Ramakrishnan
lramakrishnan@trla.org
Texas Bar. No. 24037324
TEXAS RIOGRANDE LEGAL AID, INC.
301 S. Texas Blvd.
Mercedes, Texas 78570
Tel (956) 447-4850
Fax (956) 825-7035

ATTORNEYS FOR PLAINTIFFS

*Pls.' Mot. For Leave to File First Amended Complaint*

## CERTIFICATE OF CONFERENCE

I hereby certify that I emailed Julie Tower, counsel for Defendants Marathon, Stewart, and Brightwell, on August 19, 2019 to ask whether those Defendants was opposed to this motion and she responded by email that they were.

By:      /s/ Nathaniel Norton_____
         Nathaniel Norton


## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2019, I electronically filed the foregoing document and its attachments (the First Amended Complaint and proposed order) with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys of record for Defendants.

By:      /s/ Nathaniel Norton_____
         Nathaniel Norton