IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| APOLLO STRONG, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:18-CV-634-RP |
| MARATHON RESOURCE MANAGEMENT GROUP, LLC *d/b/a* MARATHON RMG, LLC, et al., | § § § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is Plaintiffs Apollo Strong, Amber Hart, Ashley Stuart, and Charles Stuart's (collectively, "Plaintiffs") Opposed Motion for Leave to File First Amended Complaint. (Dkt. 45), and Defendants Marathon Resource Management Group, LLC *d/b/a* Marathon RMG, LLC, James Stewart, Tripp Brightwell, Charles Feldman Investment Group, LLC *d/b/a* Austin Design & Build Solutions, and Daniel Wade Shebesta *a/k/a* Daniel Wade's (collectively, "Defendants") response, (Dkt. 46). The deadline to file amended pleadings was February 1, 2019. (Dkt. 22 at 1–2). Plaintiffs filed their original complaint on July 27, 2018. (Dkt. 1). Currently, the discovery completion deadline is October 11, 2019, the dispositive motions deadline is November 12, 2019, and a bench trial is set for February 24, 2020. (Dkt. 39 at 2). A joint motion to extend these deadlines is currently pending in which the parties state that "Defendants do not want to produce all responsive documents or appear for depositions until the Court rules on Plaintiffs' Motion for Leave to File First Amended Complaint." (Dkt. 47 at 2). For the reasons delineated below, the Court grants Plaintiffs' motion.

Plaintiffs "seek to amend their complaint to include a claim for fraud, and in the alternative, a claim for negligent representation." (Mot., Dkt. 45, at 1). In support of their request, they cite "newly discovered facts that are thoroughly intertwined with the issues and transactions that are

already before the Court": specifically, documents they received on August 9, 2019, and a newspaper article published July 23, 2019, both of which Plaintiffs argue support the claims they wish to add. (*Id.* at 1, 3–4). Plaintiffs maintain that good cause exists to allow leave to amend, and that "if leave is denied, Plaintiffs would be forced to file a separate lawsuit to pursue the claim." (*Id.* at 5–6). Defendants respond that Plaintiffs' "newly discovered facts" do not support an additional fraud or negligent misrepresentation claim, and thus that "Plaintiffs have not met their burden of demonstrating that good cause exists" to allow their complaint to be amended. (Resp., Dkt. 46, at 1–2).

Although under Federal Rule of Civil Procedure 15 a court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), Rule 16(b)'s more stringent standard "governs amendments of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). Only when the movant demonstrates good cause to modify the scheduling order "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. To determine whether "good cause" exists when reviewing an untimely motion for leave to amend, courts within the Fifth Circuit consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (cleaned up).

The Court now turns to the applicable factors. First, Plaintiffs have explained their failure to timely amend their complaint by detailing the new evidence supporting their additional claims, when they obtained it, and how that evidence was unavailable before the scheduling order's deadline to amend pleadings. *See Gallo v. Union Pac. R.R. Co.*, No. 1:17-CV-854-RP, 2018 WL 6220118, at *2 (W.D. Tex. Nov. 14, 2018) (denying motion to amend complaint after plaintiff failed to provide these explanations). Plaintiffs discuss the documents they obtained, (Mot., Dkt. 45, at 4), the precise dates they obtained them, (*id.*), and the reasons that they could not obtain them prior to the deadline to amend pleadings (variously, because the documents did not yet exist, because discovery had not yet begun, and because of Defendants' putative "delays in responding to discovery"), (*id.*). Defendants' only argument in response is that none of the documents support an additional claim, but Defendants provide no specific reasons why not. (Resp., Dkt. 46, at 3).

If a plaintiff's proposed additional claims are "futile"—that is, if the evidence does not support them such that they could not survive a motion to dismiss—leave to amend may be denied. *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016). Here, Plaintiffs briefly summarized the new evidence, (Mot., Dkt. 45, at 3–4), and included the new claims that evidence ostensibly supports in their attached proposed amended complaint, (Dkt. 45-1 at 16–18), but did not attach the new evidence itself or representative excerpts to their motion. In return, Defendants provided one sentence of argument: "[n]either [piece of evidence] gives rise to a fraud claim or negligent misrepresentation claim against Defendants." (Resp., Dkt 46, at 3). From the record before it, the Court cannot determine conclusively whether or not the new evidence supports the additional claims, and thus whether or not the amendments would be futile. Even so, given Plaintiffs' general explanation, the Court finds that this factor weighs in favor of granting leave to amend the complaint.

3

Second, Plaintiffs suggest that were the Court to deny leave to amend, it would "prevent [them] from seeking in this proceeding relief for which they may be entitled," demonstrating the importance of the additional claims. (Mot. Dkt. 45, at 6). Defendants offer no argument in response. It seems, as discussed above, that the amendment would not be totally "futile," *Bias*, 816 F.3d at 328, and it is "clearly important" to Plaintiffs that the claims be added, *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008), both of which militate in favor of considering the additional claims to be important. But this is not a situation in which Plaintiffs would be left with "no remaining theory of recovery" if the claims were not added, so the potential importance of the additional claims is lessened accordingly. *Ward v. CNH Am., L.L.C., Ind.*, 534 F. App'x 240, 242 (5th Cir. 2013), *as revised* (July 23, 2013) (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). Therefore, the Court considers this factor neutral.

Third, Plaintiffs note that "the discovery period has not ended," "the parties have not yet taken depositions," and "Defendants have not done any discovery at all," all of which suggest there would be little to no prejudice to Defendants were the Court to grant Plaintiffs leave to amend. (Mot., Dkt. 45, at 5). Moreover, at least one of the additional claims "arises out of the nucleus of operative facts and the same transactions that give rise to" the claims in the original complaint. (*Id.*). Defendants again offer no argument in response. When assessing this factor, courts in the Fifth Circuit regularly consider the timing of the request vis-à-vis the case's procedural posture; if the discovery period has expired or the case is essentially too far along, courts generally find prejudice to the defendant. *See, e.g.*, *Plains Cotton Coop. Ass'n v. Gray*, 672 F. App'x 372, 377 (5th Cir. 2016) (upholding denial of leave to amend that plaintiff requested "less than two months before the date set for trial"); *Texas Indigenous Council v. Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013) (per curiam) (upholding denial of leave to amend in part because "the discovery period ended before [plaintiff] sought leave to amend," so the defendants "would have been prejudiced if they had been forced to

4

defend against a new claim and basis for recovery so late in the litigation"); *Bob Daemmrich Photography, Inc. v. Scholastic, Inc.*, No. 1:15-CV-1150-RP, 2018 WL 6265025, at *1 (W.D. Tex. Aug. 22, 2018) (denying leave to amend "after nearly three years of litigation, the completion of discovery, and full briefing through two motions for summary judgment" because it "would undoubtedly cause significant prejudice to [the defendant]").

Here, that is not the case. There would be no need to "reopen the entire litigation to further discovery, more depositions, and [additional motions]" at the "eleventh hour," *Hackett v. United Parcel Serv.*, 736 F. App'x 444, 453 (5th Cir. 2018), since the similarities between the original and additional claims mean that an amended complaint would not "likely invite[] additional discovery and certainly additional discovery practice," even if "discovery, to date, has been minimal." *Ward*, 534 F. App'x at 242. Plaintiffs' proposed additional claims would not "significantly alter the nature of the suit," thus reducing the prejudice to Defendants. *Advanced EDR Sys., LLC v. Design Sols., Inc.*, No. A-07-CA-698-LY, 2008 WL 11415901, at *3 (W.D. Tex. Nov. 12, 2008) (Pitman, M.J.). The Court therefore concludes that this factor weighs in favor of granting leave to amend the complaint.

Finally, though neither party addresses it, the Court could issue a continuance, which could conceivably mitigate any prejudice to Defendants that might result if leave to amend were to be granted. Trial is not "imminent," so a continuance is not "impracticable." *Meaux Surface Protection*, 607 F.3d at 168. And a continuance would not "cause unnecessary delay to the trial date," *Gallo*, 2018 WL 6220118, at *2, as the parties themselves are separately requesting the trial date be postponed. (Dkt. 47 at 2). So, the Court concludes that this factor weighs in favor of granting leave to amend the complaint.

5

Accordingly, the Court finds that Plaintiffs have carried their burden to show "good cause" to allow leave to amend, and **ORDERS** that Plaintiffs' Opposed Motion for Leave to File First Amended Complaint, (Dkt. 45), is **GRANTED**.

**SIGNED** on September 25, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE